# IN THE UNITED STATE DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

UNITED STATES

VERSUS  CRIMINAL NO. 1:01cr138-DCB-JMR

SHARI EMILE  PETITIONER

## ORDER

This matter comes before the Court on Shari Emile's ("petitioner") pro se Motion for Jail Credit for time spent in a drug treatment center. Having carefully considered the Motion, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On February 15, 2007, the Magistrate Judge ordered the release of petitioner on a Personal Recognizance Bond, setting the conditions of her release pending a revocation hearing. Per petitioner's conditions of release, she spent from February 14, 2007, to April 1, 2007, approximately 45 days, in Clearview Recover Center for drug treatment. Petitioner filed the instant Motion asking the Court to credit her with those 45 days as time served in official custody.

According to Reno v. Koray, 515 U.S. 50, 64, 115 S.Ct. 2021, 2028-29 (1995), the Supreme Court has determined that time spent in a community treatment center after a defendant is "released" on bail is not considered "official detention" pursuant to 18 U.S.C. § 3585. Therefore, the 45 days that petitioner spent in Clearview Recover Center is not considered time in official custody pursuant

to 18 U.S.C. § 3585.  As a result, the petitioner will not be given jail credit for that time period.

Accordingly,

IT IS HEREBY ORDERED that petitioner's Motion for Jail Credit is DENIED.

SO ORDERED, this the 30th day of October 2009.

                                              s/ David Bramlette

                                        **UNITED STATES DISTRICT JUDGE**